UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **CORY JAMES THIBODEAUX**<br>        **LA. DOC # 619351**<br>**VS.** | **CIVIL ACTION NO. 6:15-cv-1459**<br><br>**SECTION P**<br><br>**JUDGE REBECCA F. DOHERTY** |
| **ACADIA PARISH SHERIFF'S**<br>**OFFICE, ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Cory James Thibodeaux, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 29, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. When he filed his complaint he was detained or incarcerated at the Acadia Parish Detention Center (APDC) and he complained that on March 19, 2015 he was mistakenly given another inmate's medication by a corrections officer. He sued the Acadia Parish Sheriff's Office, Dy. Anthony Chambers, Nurse Clondia Miles, and Asst. Warden Theodore Miller and prayed $50,000 in damages and that Chambers be terminated from employment. On October 23, 2015 plaintiff notified the Court that he was transferred to the Bossier Medium Facility.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

Plaintiff's complaint is succinct. On March 19, 2015 he was an inmate at the APDC. It is unclear whether he was a pre-trial detainee or a convict. Dy. Chambers, a Corrections Officer, was handing out medications to inmates and gave plaintiff some unidentified medication that was meant for another inmate. Plaintiff took the medication "without noticing." Plaintiff complains that Chambers is not licensed to distribute medication and that Nurse Miles, who is licensed, is shirking her responsibilities.

On March 25, 2015 he submitted an Inmate Grievance Form in which he complained, "On 3/19/15 I ... was first in line to get my medication. I signed my sheet and Inmate Billy West was standing next to me. Officer Anthony Chambers handed me Inmate Billy West's medication which is small and white just like mine. I swallowed the medication before Inmate Billy West noticed he had my medication...." In an addendum to the complaint he claimed "they called Ms. Clondia Miles the nurse over here to make sure I could take my meds with Billy West's meds." Plaintiff concluded his grievance by demanding that Chambers be reprimanded and that he, plaintiff, be compensated in an unspecified amount "for any damages that have been done..." Warden Miller responded to the grievance "Dy. Chambers will be reprimanded for his actions." [Doc. 1-2, pp. 1-2]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80

2

(5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### *2. Negligence*

Plaintiff sued the Sheriff's Office, Dy. Anthony Chambers, Nurse Clondia Miles, and Asst. Warden Theodore Miller because he was mistakenly given a dose of medicine intended for another inmate. As has been noted, it is unclear whether plaintiff was a detainee or a convict when the complained of incident occurred. However, as will be shown hereinafter, the analysis of the claim is the same in either case.

It has long been held that "... [t]he State's exercise of its power to hold detainees and prisoners ... brings with it a responsibility under the U.S. Constitution to tend to the essentials of their well-being: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs ... it transgresses the substantive limits on state action set by

3

the Eighth Amendment and the Due Process Clause." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 638-39 (5th Cir.1996) (*en banc*) (quoting *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)).

Thus, a detainee's constitutional rights arise from "both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare,* at 639 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). A convict's rights to safe conditions of confinement arise under the Eighth Amendment's prohibition against cruel and unusual punishment.

The Due Process Clause of the Fourteenth prohibits the punitive confinement of a pretrial detainee since, by definition, the guilt of a detainee has not yet been adjudicated. *See Bell*, 441 U.S. at 535. The Eighth Amendment proscribes cruel and unusual punishment. In either case, the issue herein is whether or not the complained of acts or omissions of the defendants amounted to a violation of plaintiff's due process rights under the Fourteenth Amendment or of plaintiff's right to be free from cruel and unusual punishment.

In order to determine the standard of analysis for constitutional challenges brought by pretrial detainees under §1983, courts are directed to first to classify the challenge as either an attack on a "condition of confinement" or as an "episodic act or omission." *Flores v. County of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir.1997) (citing *Hare*, 74 F.3d at 644). In a detainee suit challenging conditions of confinement, the constitutional challenge is to the "general conditions, practices, rules, or restrictions of pretrial confinement." *Hare*, 74 F.3d at 644. On the other hand, an "episodic act or omission" case, complains of a particular act or omission of one or more officials, and it focuses on "whether [the] official breached his constitutional duty to tend to the basic human needs of persons in his charge." *Id.* at 645. A detainee who complains

4

that an "episodic act or omission" resulted in an unconstitutional violation of a his Fourteenth Amendment rights is required to show that the officials acted with "deliberate indifference" to his health and safety. *Hare*, 74 F.3d at 647-48; *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference is also the standard used to determine Eighth Amendment violations. *Id.*

Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Hare*, 74 F.3d at 647-48; *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the plaintiff to submit evidence that prison officials " 'refused to treat him, ignored his complaints, <u>intentionally treated him incorrectly</u>, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted; emphasis supplied). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants.

At worst, plaintiff was a victim of Dy. Chambers's negligence. Indeed, that is all his pleadings imply. To the extent that the pleadings allege negligence or even malpractice on the part of the defendants, plaintiff fails to state a claim for which relief may be granted since

deliberate indifference is not equivalent to negligence.  Put simply and restated, deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Under the deliberate indifference standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it.  In other words, a civil rights  plaintiff must allege and prove that each of the  defendants knew of and then disregarded an excessive risk of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id.* at 837.   Clearly that has been neither implied nor shown.

Finally, plaintiff has not identified the drug he mistakenly ingested; and, more importantly, he has alleged no harm arising from the unfortunate incident. As such, his claims are frivolous and fail to state a claim for which relief may be granted and dismissal of the complaint appropriate.

*Recommendation*

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana this 16th day of December, 2015.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE